### John Cartwright *vs.* John H. Bate.

If a husband who has expelled his wife from his house without cause afterwards design-edly misleads her into the belief that he is dead, and she, honestly acting on that belief, marries another, whom she leaves at once upon learning that her husband is alive, he cannot avail himself of her second marriage, or of a conviction of bigamy against her by reason of such marriage, in defence to an action against him for necessaries subsequently furnished to her; and such action may be maintained, although the plaintiff was too young to know the circumstances under which she left him at the time when they occurred.

Chapman, J.　This action is brought to recover $618 for board, clothing and money furnished by the plaintiff to the wife of the defendant, between May 1 1854, and May 1 1857.　It appeared that the defendant was married to Georgiana Cartwright, a sister of the plaintiff, at London, in 1835.　There was evidence tending to show that he treated her cruelly, and turned her out of doors without cause, and that she never has lived with him since; that afterwards, in December 1838, he married another woman in England, and was indicted therefor and convicted of bigamy; that, after serving out his sentence, he left England with this woman, came to this country, and has lived here with her ever since; that, after he turned his wife out of doors, she was supported for some time by the parish; and afterwards took care of herself, for a while, and then returned to her father's; that in 1840, soon after the defendant came to this country, he procured a report to be made to her by his friends that he was lost on his passage, and was dead; that his family advised her to marry again, and they and she went into mourning on his account.　She afterwards, by their advice, married one Caffrae, and lived with him as his wife for one or two years.　After her marriage with Caffrae, the defendant visited England, and caused her to be indicted for bigamy.　She was convicted and punished for the offence, and has never lived with Caffrae since, but has been supported in part by her brothers, of whom the plaintiff is one.　She has never been in this country till she came at the request of the plaintiff to collect the account sued for in this action.　At the

time she separated from the defendant, the plaintiff was a child too young to have understood the circumstances.

The defendant moved for a nonsuit on the grounds following, viz :

1st. That the plaintiff, being an infant at the time, could have had no knowledge, except from hearsay, of the cause of separation between the parties; and, therefore, and for other reasons, he could not have depended on the husband's credit in furnishing to the defendant the supplies in question.

2d. That there was no evidence that the necessaries and money were furnished on the credit of the husband.

3d. That the wife must not only be innocent at the time of separation, in order to charge the husband, but that she must continue to be an innocent and chaste wife during the time while she is supplied with necessaries; and that Mrs. Bate having, after the separation, within a year or two from the time Bate left England, been guilty of bigamy, her husband from that time was discharged from the duty of maintaining ·her.

It is not necessary to discuss the question whether an order for a nonsuit without the plaintiff's consent, could regularly have been made. See *Mitchell* v. *New England Ins. Co.* 6 Pick. 117. The three grounds of the motion are all covered by the instructions which were given to the jury. These instructions were : " That, if they found that the said Georgiana separated from her husband through his fault, and continued a chaste and virtuous wife, the plaintiff might recover in this action, if he knew of the circumstances of her leaving her husband at the time he furnished the necessaries and gave credit to her husband, although he did not know of such circumstances at the time when they occurred; and, if the jury believed that, at the time of her second marriage with Caffrae, she honestly believed that her first husband, the defendant, was dead, and had made all proper and needful inquiries before coming to such belief, and had done everything which she could reasonably be expected to do in the prosecution of such inquiries; and, if they believed also that she had reasonable grounds for such

belief, and was designedly misled by the defendant in the mat-
ter, or by other persons through his procurement, she had not
thereby forfeited her right to a support by her husband, accord-
ing to his station and degree."

The court are of opinion that these instructions were correct.
It was not material whether the plaintiff knew of the circum-
stances of the wife's separation from her husband at the time
of their occurrence. None of the authorities cited for the de-
fence sustain the position that the right to furnish supplies to
a wife is limited to those persons who have knowledge of the
affair at the time. If a husband expels his wife from home,
and the fault is solely his own, she carries his credit with her
to any person to whom she may see fit to apply. The author-
ities show that one who gives credit takes the risk of establish-
ing a case against the husband, and that the burden is on him
to prove his case. But if at the time he gives the credit, he
has such information as induces him to take the risk, it is
enough.

And if the defendant caused his wife to be misled into a
belief of his death, and of her right to marry Caffrae, he is es-
topped from taking advantage of her conduct. The instruc-
tions are carefully guarded, and are sustained by several of
the authorities cited. The general doctrine is well stated in
*Pickard* v. *Sears*, 6 Ad. & El. 469 : " Where one by his words
or conduct wilfully causes another to believe the existence of
a certain state of things, and induces him to act on that be-
lief, so as to alter his own previous position, the former is con-
cluded from averring against the latter a different state of
things, as existing at the same time." See also *Dewey* v. *Field*,
4 Met. 381.

An objection was taken in the argument that the plaintiff
cannot recover for money furnished to the wife. It appears
by the deposition of the plaintiff, that a part of his claim is
for money furnished to the wife as she was about to sail for
America ; but whether the verdict includes this money does
not appear. The verdict is for a much less sum than that
claimed in the writ. No instructions were given on this point,

and none were asked for; and therefore it does' not properly come before this court. There are many cases where the rule would be very harsh, as stated in *Earle* v. *Peale,* 1 Salk. 387, namely, that a party cannot recover for money furnished to a married woman living separate from her husband on account of his fault, although it was to lay out for necessaries; but i* is not necessary to decide the question here.

*Exceptions overruled.*

*W. C. Williamson,* for the defendant. 1. In order to charge a husband in a case like this, it must not only be shown that the wife had good cause for deserting him, but also that she has since continued innocent. 2 Bright Husb. & Wife, 14; *Hunter* v. *Boucher,* 3 Pick. 289; *Govier* v. *Hancock,* 6 T. R. 603. 2. Proof of bigamy discharges the husband. Chitty Con. 175; *Commonwealth* v. *Mash,* 7 Met. 472; *Hetherington* v. *Graham,* 3 M. & P. 399; *The King* v. *Flintan,* 1 B. & Ad. 227.

*M. G. Cobb,* for the plaintiff, was not called upon.